IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ALLAN PETERSEN,

    Plaintiff,

v.                                         Civil Action No. 5:07CV53
                                                     (STAMP)
R. TRYBUS, N. JUNKINS,
ERIC ELZA, MALLORY,
UNICOR Supervisor,
KOVCEK, VERONICA FERNANDEZ and
M. EDDY, Correctional Officer,

    Defendants.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I.  Procedural History

The pro se[1] plaintiff, Allan Petersen, filed a civil rights complaint pursuant to Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971). The plaintiff filed an amended complaint on December 6, 2007. The case was referred to United States Magistrate Judge James E. Seibert for initial review and recommendation. In response to the magistrate judge's order to answer, the defendant filed a motion to dismiss, or in the alternative, motion for summary judgment. The plaintiff then filed a reply, styled "Plaintiff Opposition to the Defendants' Motion to Dismiss the Complaint for Good Reasons," objecting to the

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1341 (9th ed. 2009).

defendants' motion. The plaintiff states that he never received a copy of the defendants' motion to dismiss or, in the alternative, for summary judgment, but he does acknowledge the receipt of the Roseboro notice, filed with this Court the day after filing of defendants' motion to dismiss.

On December 16, 2009, the magistrate judge entered a report and recommendation that the defendants' motion to dismiss, or in the alternative, motion for summary judgment, be granted; that the plaintiff's retaliation claim be dismissed without prejudice for failure to exhaust administrative remedies; that the plaintiff's access to the courts claim be denied with prejudice, and that the plaintiff's claim for injunctive relief be denied, with prejudice, as moot. The magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections to his proposed findings and recommendations within ten days after being served with a copy of the magistrate judge's recommendation. The plaintiff filed objections to the access to the courts and retaliation portion of the magistrate judge's report and recommendation, but did not object to the injunctive relief portion of the recommendation. For the reasons set forth below, this Court affirms and adopts the magistrate judge's report and recommendation.

## II. Facts

On July 31, 2006, plaintiff received a response to an administrative remedy appeal reversing a disciplinary action. The plaintiff alleges that the following day, defendant Elza, angry over the previous day's reversal decision, ordered defendants Trybus and Kovcek to order defendants Mallory and Junkins to take away the plaintiff's legal property. The plaintiff further alleges that Trybus permanently deprived him of certain legal papers. The plaintiff states that one of the missing documents was a memorandum in support of a writ of certiorari. In addition, the plaintiff states that he needed to file an in forma pauperis form for a now dismissed case, but that Trybus ordered officers to detain him in the Segregated Housing Unit ("SHU") before he could prepare the form.

The plaintiff raises three claims in his complaint. First, he alleges that Bureau of Prison ("BOP") officials retaliated against him for filing a complaint in federal court by placing him in the SHU. Second, he alleges that BOP officials denied him access to the courts by taking some of the plaintiff's legal papers and by placing him in the SHU, without access to the law library, at a time when court deadlines were pending. Finally, as relief, the plaintiff claims that he is entitled to $4 million and an injunction directing prison officials to return him to the general population.

III. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Because the plaintiff has filed objections to the access to courts claim and retaliation claim, this Court will undertake a de novo review as to those portions of the report and recommendation. Because the plaintiff did not file objections to the injunctive relief claim, this Court reviews that portion of the report and recommendation of the magistrate judge for clear error.

IV. Discussion

A. Plaintiff's Access to the Courts Claim

The plaintiff alleges that when his legal property was removed from his locker, the document he prepared and had intended to submit in support of a writ of certiorari was missing. The First Amendment protects the right of the people to petition the government for redress of grievances. U.S. Const. amend. I. This protection includes the right of inmates to "adequate, effective and meaningful access" to the Courts. Bounds v. Smith, 430 U.S. 817, 822 (1977). "The fundamental constitutional right of access

to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries, or adequate assistance from prisoners trained in the law." Id. at 828. To state a claim for denial of access to the courts, an inmate must both specify concrete allegations and identify an actual injury resulting from official conduct. Cochran v. Morris, 73 F.3d 1310 (4th Cir. 1996).

In this case, the magistrate judge found that the plaintiff has failed to allege that he has suffered any injury as a result of the alleged confiscation of the memorandum. This Court agrees. The plaintiff has made no allegation that the defendants alleged confiscation of the memorandum resulted in the plaintiff missing a filing date. Further, as the magistrate judge stated in his recommendation, the plaintiff was not housed in the SHU during the months of July and August. Therefore, the plaintiff had access to the library and was in the general population the month before the memorandum was allegedly due to the Supreme Court.

The plaintiff alleges for the first time in his objections to the magistrate judge's report and recommendation that the defendants withheld Supreme Court correspondence from the plaintiff. Again, the plaintiff has failed to show specific harm. The plaintiff states that he missed a deadline as a result of the withholding of correspondence, but this is not true. The United States Court of Appeals for the Fourth Circuit considered the

5

plaintiff's petition for rehearing and denied it on June 6, 2006. On June 14, 2006, a mandate signed by the Clerk of the Fourth Circuit was filed stating that the February 14, 2006 judgment in <u>Petersen v. Winkler</u> took effect as of June 14, 2006. A petition for a writ of certiorari to review a judgment in a case entered by a United States court of appeals is timely when it is filed with the Clerk the Supreme Court within 90 days after entry of the judgment. Sup. Ct. R. 13. On September 20, 2006, the Clerk of the Supreme Court received the plaintiff's request for an extension of time to file a writ of certiorari 98 days after the Fourth Circuit entered the mandate and 106 days after the Fourth Circuit panel denied the plaintiff's request for rehearing. Therefore, the plaintiff was not denied access to the courts by any alleged withholding of his mail because his request for extension of time was untimely. Thus, the plaintiff's access to the courts claim must fail. Accordingly, because the plaintiff has failed to show that he has suffered any specific harm or prejudice to his right of access to the courts, he fails to state an access to the courts claim upon which relief can be granted.

B. <u>Plaintiff's Retaliation Claim</u>

The magistrate judge recommended that the retaliation claims against the defendants be dismissed without prejudice because the plaintiff failed to exhaust administrative remedies. In his objections, the plaintiff never addresses the exhaustion issue, but

instead states he has stated a valid claim for relief because the defendants acted outside the BOP's rules.

Under the Prison Litigation Reform Act ("PLRA"), a prisoner bringing an action "with respect to prison conditions" under 42 U.S.C. § 1983, or any other federal law, must first exhaust all available administrative remedies. 42 U.S.C. § 1997e. Exhaustion under § 1997e is mandatory, Booth v. Churner, 532 U.S. 731, 741 (2001), and applies to "all inmate suits about prison life." Porter v. Nussle, 534 U.S. 516, 532 (2002). If failure to exhaust is apparent from the complaint, federal courts have the authority pursuant to 28 U.S.C. § 1915 to dismiss the case sua sponte. Anderson v. XYZ Correctional Health Servs., Inc., 407 F.3d 674, 682 (4th Cir. 2005). Actions brought pursuant to Bivens are subject to administrative exhaustion requirements of the PLRA. Porter, 534 U.S. at 524.

Administrative exhaustion requires an inmate to pursue informal resolution before proceeding with a formal grievance. 28 C.F.R. § 524.13. The BOP's formal administrative process is structured as a three-tiered system. 28 C.F.R. § 542.10, et seq. First, an inmate must submit a written complaint to the warden, to which the warden supplies a written response. 28 C.F.R. §§ 542.11 and 542.14. For inmates who do not obtain satisfactory relief at the first tier, the second tier allows the inmate to file an appeal with the Regional Director of the BOP. 28 C.F.R. § 542.15. The

third, and final, tier of the formal administrative remedy process is an appeal to the National Inmate Appeals Administrator for the Office of General Counsel. Id. An inmate's administrative remedies thus are considered exhausted only after pursuing a final appeal to the National Inmate Coordinator for the Office of General Counsel.

Proper exhaustion of a PLRA or Bivens claim requires an inmate to file timely and procedurally sound administrative grievances in compliance with the BOP's administrative grievance process as outlined above. See Woodford v. Ngo, 548 U.S. 81, 90-91 (2006) ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings.").

Here, as noted in the magistrate judge's recommendation, the plaintiff began his administrative process after filing his complaint in this Court. The plaintiff complained about his placement in the SHU on May 8, 2007. The institutional level denied plaintiff's remedy on May 31, 2007. The plaintiff appealed to the Mid-Atlantic Regional Office twice. The regional office rejected his first appeal because he did not follow the appeal procedures. The second time, the regional office rejected his appeal because the plaintiff filed in the wrong region. In August, the plaintiff resubmitted the appeal to the Southeast Regional

Office, which rejected it because he again did not follow procedures. The plaintiff was told he could resubmit within ten days of August 15, 2007. The plaintiff resubmitted on September 20, 2007 and the office rejected his appeal as untimely. On November 1, 2007, the plaintiff appealed his rejection to the Central Office, which upheld the ruling of the regional office.

Based upon a de novo review, this Court finds that the plaintiff has not timely and properly exhausted his administrative remedies for the events giving rise to the plaintiff's retaliation claims. Therefore, this Court finds that the plaintiff's retaliation claims against the defendants must be dismissed for failure to exhaust administrative remedies.

C. Plaintiff's Motion for Injunctive Relief

The plaintiff requests in his complaint that this Court enter an order directing that the plaintiff be removed from the SHU. The magistrate judge recommended that this Court deny the petitioner's motion for an injunction as moot. The petitioner has filed no objections to this portion of the report and recommendation. Therefore, this Court reviews the magistrate judge's findings and recommendation for clear error.

In The Real Truth About Obama, Inc. v. Federal Election Commission, 2009 WL 2408735 *2 (4th Cir. August 5, 2009), the Fourth Circuit set forth the equitable factors that a district court must consider when determining whether a preliminary

9

injunction should issue. The four factors which the plaintiff must establish before a district court can grant a preliminary injunction in the Fourth Circuit are:

> (1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and(4) that an injunction is in the public interest.

Id. (citing Winter v. Natural Resources Defense Council, Inc., 129 S.Ct. 365, 374 (2008)).

As the magistrate judge correctly noted, the plaintiff is no longer subjected to the alleged improper placement in the SHU, thereby effectively mooting the petitioner's motion for injunctive relief.

Having reviewed the magistrate judge's report and recommendation for clear error, and finding none, this Court affirms the magistrate judges denial of the motion as moot.

D. <u>Plaintiff's Claim the Plaintiff did not Receive the Government's Motion to Dismiss, or in the Alternative, for Summary Judgment</u>

The plaintiff states that he did not receive a copy of the defendants' motion to dismiss, or in the alternative, for summary judgment. The plaintiff does, however, admit that he received a copy of the Roseboro notice informing him that the motion was filed. A certificate of service, dated October 16, 2008, shows that the defendants sent a copy of the motion to the plaintiff by

10

U.S. Mail. Accordingly, the plaintiff's objection to the report and recommendation on this ground fails.

E.  Plaintiff's Claim that the Government may not Represent the Defendants in their Individual Capacities

In section four of the plaintiff's objections to the magistrate judge's report and recommendation, the plaintiff contends that because the plaintiff sued the defendants in their individual capacities, government representation of the defendants was improper. This contention lacks merit. The United States Department of Justice may provide representation for a federal employee in civil proceedings in which he is sued in his individual capacity. 28 C.F.R. § 50.15 (2009). Accordingly, because federal regulatory provisions allow the government to represent individuals in Bivens suits, plaintiff's objection to the report and recommendation on this ground fails.

V.  Conclusion

Because, after a de novo review as to the claims for retaliation and access to the courts, this Court concludes that the magistrate judge's recommendation is proper and the plaintiff's objections to the report and recommendation lack merit, and because the parties have not objected to the report and recommendation of the magistrate judge as to the claim for injunctive relief, and because this Court finds that the magistrate judge's recommendation is not clearly erroneous this Court hereby AFFIRMS and ADOPTS the

11

magistrate judge's report and recommendation in its entirety. Accordingly, for the reasons set forth above, the defendant's motion to dismiss, or in the alternative, motion for summary judgment, is GRANTED; the plaintiff's retaliation claim is DISMISSED WITHOUT PREJUDICE; the plaintiff's access to courts claim is DISMISSED WITH PREJUDICE; and the plaintiff's claim for injunctive relief is DISMISSED WITH PREJUDICE, as moot. It is further ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Should the plaintiff choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on the issues to which objection was made, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 30 days after the date of the entry of the judgment order.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se plaintiff by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:   September 10, 2009

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE